**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DANIEL L. R.[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil No. 3:25-cv-01039-GCS |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application for Disability and Disability Insurance Benefits ("DIB").[2]

**PROCEDURAL HISTORY**

On May 6, 2022, Plaintiff filed a protective application for a period of disability and DIB alleging a disability onset date of January 1, 2022. Initially, the claim was denied on January 25, 2023, and again, upon reconsideration on August 11, 2023. After holding an evidentiary hearing via telephone on January 30, 2024, an Administrative Law Judge

---

[1]     Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2]     This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 8).

("ALJ") denied the application on March 26, 2024. (Tr. 22-33). On March 25, 2025, the

Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final

agency decision subject to judicial review. (Tr. 1). Plaintiff exhausted administrative

remedies and filed a timely complaint with this Court.

### ISSUE RAISED BY PLAINTIFF

Plaintiff raises the following issues:

(1)     The ALJ failed to properly evaluate the treating medical source opinion of Plaintiff's treating physician, Alex Befeler, M.D.;
(2)     The ALJ's step four finding was based on legal error and was not supported by substantial evidence; and
(3)     The ALJ failed to properly evaluate Plaintiff's allegations of pain and dysfunction.

### APPLICABLE LEGAL STANDARDS

"The [SSA] provides benefits to individuals who cannot obtain work because of a

physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019) Disability is the

inability "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than twelve

months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. §

423(d)(1)(A)); *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025).

To determine whether a claimant is disabled, the ALJ considers the following five

questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have

a severe impairment? (3) Does the impairment meet or medically equal one of a list of

specific impairments enumerated in the regulations? (4) Is the claimant unable to perform

his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citations omitted).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (citations omitted). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103; *Pufahl v. Bisignano*, 142 F.4th 446, 454 (7th Cir. 2025) (citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Pufahl*, 142 F.4th at 454 (citations omitted). While judicial review is deferential, it is not abject; the

Court does not act as a rubber stamp for the Commissioner. *See Stephens*, 888 F.3d at 327

(citations omitted).

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He found

Plaintiff met the insured status requirements through December 31, 2025. He further

determined Plaintiff had not engaged in substantial gainful activity since January 1, 2022,

the alleged onset date. The ALJ found Plaintiff had the following severe impairments:

cirrhosis; nonalcoholic fatty liver disease; hepatic encephalopathy; esophageal varices;

gastric antral inflammatory polyps; gastroesophageal reflux disease; gastropathy; type 2

diabetes mellitus; and obesity (20 CFR 404.1522(c)). The ALJ also found Plaintiff had the

following non-severe medical conditions: hypertension; hyperlipidemia; hernia; and

cholelithiasis. (Tr. 24, 25).

The ALJ found Plaintiff had the residual functional capacity ("RFC") "to perform

"medium work as defined in 20 CFR 404.1567(c) except that he can lift and/or carry

(including upward pulling) 50 pounds occasionally and 25 pounds frequently. He can

push and/or pull 50 pounds occasionally and 25 pounds frequently with upper and

lower extremities. He can stand and/or walk (with normal breaks) for a total of six hours

in an eight-hour workday. He can sit (with normal breaks) for a total of six hours in an

eight-hour workday. He can occasionally stoop and crouch." (Tr. 27). Thus, the ALJ found

Plaintiff was not disabled.

Page **4** of **11**

**THE EVIDENTIARY RECORD**

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record, when compared with the points raised by Plaintiff, to be sufficiently comprehensive. Therefore, there is no need to summarize it again.

**DISCUSSION**

The Court initially addresses Plaintiff's argument the ALJ failed to properly evaluate Plaintiff's allegations of pain and dysfunction. Specifically, Plaintiff argues the ALJ failed to properly evaluate Plaintiff's allegations of fatigue because the ALJ improperly focused on Plaintiff's objective medical evidence when rejecting Plaintiff's allegations of fatigue. (Doc. 13, p. 20; Doc. 22, p. 4). The Court agrees the ALJ did not adequately explain his assessment of Plaintiff's subjective complaints. Based on the foregoing, the Court finds remand is required for a proper evaluation of the Plaintiff's subjective symptoms.

The ALJ is "in the best position to determine a witness's truthfulness and forthrightness . . . [and thus, the] court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310–311 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–505 (7th Cir. 2004)). But, when the credibility determination rests on "objective factors or fundamental implausibilities rather than subjective considerations [such as a claimant's demeanor], appellate courts have greater freedom to review the ALJ's decision." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). When making the credibility determination, "an ALJ must adequately explain

Page **5** of **11**

his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013); SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016) (superseding SSR 96-7p). [3] Additionally, while an ALJ is not required to provide a complete written evaluation of every piece of testimony and evidence, reversal and remand is required where the ALJ "provides nothing more than a superficial analysis[.]" *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). As such, an ALJ cannot simply state that an individual's allegations have been considered or that the individual's allegations are not credible. Rather, the ALJ must "give[] specific reasons for [a credibility] finding, supported by substantial evidence." *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009).

The process for evaluating a claimant's symptoms is organized around two major steps. First, the claimant must provide objective medical evidence of a medically determinable impairment or combination of impairments that reasonably could be expected to produce the alleged symptoms. *See* 20 C.F.R. § 404.1529(a)-(b). Second, after the claimant satisfies the first step, the ALJ must then evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *See* 20 C.F.R. § 404.1529(c). In evaluating allegations of pain, adjudicators are directed to consider

---

[3]    SSR 96-7p referred to a claimant's "credibility," but SSR 16-3p removed that term to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at * 1 (Mar. 16, 2016). Instead, ALJs are reminded to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that an individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," as consistent with the regulations. *Id*. Under either SSR version, the outcome of this case would be the same.

whether the symptoms are "consistent with the objective medical [evidence] and other evidence in the individual's record." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). *See also* 20 C.F.R. § 404.1529(a) (explaining that the agency considers both "objective medical evidence and other evidence" in evaluating whether an impairment affects activities of daily living and the ability to work).

Objective medical evidence is merely one factor to be considered, and an ALJ is not free to "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016). Other factors the ALJ should examine include "daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (quoting 20 C.F.R. § 404.1529(c)(2)-(4)). An ALJ may not disregard subjective complaints "solely because they are not substantiated by objective medical evidence." *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015); *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (quoting *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)). *See also Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (stating that "[p]ain is always subjective in the sense of being experienced in the brain."). "[P]ain alone can be disabling . . . [therefore] [t]estimony of severe pain cannot be disregarded simply because it is not supported by objective medical evidence." *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016). An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Here, the ALJ found Plaintiff's "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." (Tr. 24). Even so, the ALJ concluded: "the undersigned finds that the claimants medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (Tr. 29). Specifically, the ALJ found

> The claimant's testimony as to extreme fatigue and the need to elevate his legs is generally inconsistent with the medical evidence of record demonstrating generally normal examinations without edema, no use of compression stockings, and no treatment recommendations to elevate his legs. The claimant demonstrated normal gait, strength, range of motion, and sensation. He was alert and fully oriented on examination. There is no indication he appeared fatigued or sleepy despite his allegations of extreme fatigue. His treatment with gastroenterology is generally routine and stable as was his treatment with primary care. He underwent a few procedures and some banding but has not undergone any recent gastric banding. His overall examinations noted few abnormal objective findings. Treatment records support his diabetes mellitus was controlled with treatment. Contrary to the claimant's allegations of frequent hyperglycemia, the claimant typically denied hyper or hypoglycemia and other symptoms. Review of the claimant's course of treatment and history shows that despite his deficits, he has robust activities of daily living including using a computer, preparing simple meals, taking care of the dogs, doing laundry, mowing with the riding mower, doing basic household maintenance, driving, going out alone, shopping, managing money, watching movies and sports, playing golf, spending time with others and friends, going out of town, taking care of houseplants, attending his children's events, running errands. While the claimant's alleged proficiencies in these fields does not prove they can work full time, the overall record suggests the claimant is not as limited as they attempted to show. While no one factor cited above is dispositive, and each perhaps on its own does not establish anything conclusively, the totality of the facts and circumstances cited above made it difficult to rely heavily on the claimant's subjective complaints. Consequently, the available objective medical evidence of record and the persuasive medical opinion statements have been greatly relied upon. The overall record at hearing does not support further limitations than the determined residual functional capacity.

(Tr. 31).

The ALJ's subjective symptom analysis provides no connection between Plaintiff's symptom testimony and the entire objective medical evidence to support his conclusion discounting Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. The ALJ recited medical evidence that may fit into the Section 1529 categories listed above but failed to discuss all the factors clearly. *See* (Tr. 29-31). However, the ALJ is not specific about why he did not fully credit Plaintiff's hearing testimony concerning any of his ailments and the entire objective medical evidence. Although the ALJ concludes that the treatment and medical records do not support Plaintiff's alleged limitations, the decision does not articulate any specific evidentiary basis for rejecting his testimony regarding his fatigue and dysfunction from abdominal pain, pressure from an enlarged spleen/liver, depending on the activity, leg swelling and pain with standing, muscle loss and difficulty lifting, fatigue most of the day, the need to lay down 4-6 hours a day, low energy and motivation, brain fog, forgetfulness, and difficulty concentrating (limited to 20 minutes), and hepatic encephalopathy. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (noting that "[s]uch boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible.") (internal citation and quotation marks omitted).

The record contains several limitations on how Plaintiff performed his daily activities. There are portions of the record which support Plaintiff's testimony: a June 2021 procedure showed Plaintiff had large esophageal varices, which were suggestive of

Page **9** of **11**

recent bleeding, (Tr. 325, 453); a March 2022, December 2022, June 2023, and December 2023 procedure showing continued large esophageal varices, (Tr. 339, 464, 553, 552); and an October 2023 ultrasound revealed fatty lobulated liver that was compatible with hepatic cirrhosis. Plaintiff repeatedly reported fatigue with some fogginess/confusion in October 2021, May 2022, April 2023 and July 2023. (Tr. 355, 361, 430, 444, 450, 537, 557). In May 2022, Plaintiff had enlarged organs (Tr. 430), and similarly in September 2021, Plaintiff had a large spleen on exam. (Tr. 366, 440). Further, there is no evidence in the record of malingering or symptoms of magnification. Clearly, the ALJ ignored objective abnormalities that directly support pain and dysfunction and failed to properly evaluate Plaintiff's testimonial symptoms. That failure directly impacted the RFC. As such, the Court finds the ALJ erred in the manner in which he considered Plaintiff's subjective factors.

The ALJ's error requires remand. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted).

This Memorandum & Order should not be construed as an indication that the Court believes Plaintiff was disabled during the relevant period or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## CONCLUSION

The Commissioner's final decision denying Plaintiff's application for disability and disability benefits is **REVERSED** and **REMANDED** to the Commissioner for

rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: May 26, 2026.**

Digitally signed by
Judge Sison
Date: 2026.05.26
15:58:52 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**